FILED

STEVEN W. RITCHESON, ESQ (SBN 174062)
White Field, Inc.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
swritcheson@whitefieldinc.com

2010 NOV 18 PM 12:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Attorneys for Plaintiff, OLYMPIC DEVELOPMENTS AG, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| OLYMPIC DEVELOPMENTS AG, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION, NINTENDO OF AMERICA, INC, SONY COMPUTER ENTERTAINMENT OF AMERICA, LLC, VALVE CORPORATION,<br><br>     Defendants. | Case No. CV 10 8874<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

BY FAX

COMPLAINT FOR PATENT INFRINGEMENT

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Olympic Developments AG, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Microsoft Corporation, Nintendo of America, Inc., Sony Computer Entertainment of America, LLC, and Valve Corporation (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.  This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,475,585 entitled "*Transactional Processing System*" (the "'585 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 6,246,400 entitled "*Device for Controlling Remote Interactive Receiver*" (the "'400 patent"; a copy of which is attached hereto as Exhibit B) (collectively, "the patents-in-suit"). Plaintiff is the exclusive licensee of the '585 patent and '400 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.  Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 1000 North West Street, Suite 1200, Wilmington, DE 19801. Plaintiff is the exclusive licensee of the '585 and '400 patents with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3.  Upon information and belief, Microsoft Corporation, ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 1 Microsoft Way, Redmond, Washington 98052.

4.  Upon information and belief, Nintendo of America, Inc. ("Nintendo") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 4600 150th Avenue NE, Redmond, Washington 98052.

5.  Upon information and belief, Sony Computer Entertainment of America, LLC, ("SCEA") is a limited liability company organized and existing under the laws of the State of

1  Delaware, with its principal place of business located at 919 East Hillsdale Boulevard, Foster
2  City, California 94404.

3        6.      Upon information and belief, Valve Corporation ("Valve") is a corporation
4  organized and existing under the laws of the State of Washington, with its principal place of
5  business located at 8411 Preston Road, Suite 650, Dallas, Texas 75225.

## JURISDICTION AND VENUE

7        7.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et*
8  *seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter
9  jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10        8.      The Court has personal jurisdiction over each Defendant because: each Defendant
11  is present within or has minimum contacts with the State of California and the Central District of
12  California; each Defendant has purposefully availed itself of the privileges of conducting business
13  in the State of California and in the Central District of California; each Defendant has sought
14  protection and benefit from the laws of the State of California; each Defendant regularly conducts
15  business within the State of California and within the Central District of California; and
16  Plaintiff's causes of action arise directly from Defendants' business contacts and other activities
17  in the State of California and in the Central District of California.

18        9.      More specifically, each Defendant, directly and/or through authorized
19  intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision
20  of an interactive web page) its products and services in the United States, the State of California,
21  and the Central District of California. Upon information and belief, each Defendant has
22  committed patent infringement in the State of California and in the Central District of California,
23  has contributed to patent infringement in the State of California and in the Central District of
24  California, and/or has induced others to commit patent infringement in the State of California and
25  in the Central District of California. Each Defendant solicits customers in the State of California
26  and in the Central District of California. Each Defendant has many paying customers who are
27  residents of the State of California and the Central District of California and who each use each of
28

1  the respective Defendant's products and services in the State of California and in the Central
2  District of California.

3       10.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391
4  and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

6       11.     The '585 patent was duly and legally issued by the United States Patent and
7  Trademark Office on December 12, 1995, after full and fair examination for systems and methods
8  for purchasing products over a network. Plaintiff is the exclusive licensee of the '585 patent with
9  respect to the Defendants, and possesses all rights of recovery under the '585 patent with respect
10 to the Defendants, including the right to sue for infringement and recover past damages.

11      12.     The '400 patent was duly and legally issued by the United States Patent and
12 Trademark Office on June 12, 2001, after full and fair examination for systems for transactional
13 system terminals. Plaintiff is the exclusive licensee of the '400 patent with respect to the
14 Defendants, and possesses all rights of recovery under the '400 patent with respect to the
15 Defendants, including the right to sue for infringement and recover past damages.

16      13.     Plaintiff is informed and believes that Microsoft owns, operates, advertises,
17 controls, sells, and otherwise provides hardware, software and websites for "online game and
18 video services" including via the Microsoft Xbox 360 ("the Microsoft device") and Microsoft
19 Xbox Live Marketplace ("the Microsoft service"), both available through www.xbox.com. Upon
20 information and belief, Microsoft has infringed and continues to infringe one or more claims of
21 the '585 patent by making, using, providing, offering to sell, and selling (directly or through
22 intermediaries), in this district and elsewhere in the United States, systems and methods for
23 purchasing products and services and processing corresponding financial transactions, including
24 via the Microsoft service and Microsoft device. Upon information and belief, Microsoft has
25 infringed and continues to infringe one or more claims of the '400 patent by making, using,
26 providing, offering to sell, and selling (directly or through intermediaries), in this district and
27 elsewhere in the United States, systems and methods for remotely selecting and receiving desired
28

programming selections, including via the Microsoft service and Microsoft device. More particularly, Plaintiff is informed and believes that Microsoft has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Xbox Live Marketplace via an XBox remote receiver device in a manner claimed in the patents-in-suit. Upon information and belief, Microsoft has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users, in this district and elsewhere in the United States via the Microsoft service and the Microsoft device, software only useful for permitting users to purchase products and services from a plurality of available products and service and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

14. Plaintiff is informed and believes that Nintendo owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "online game and video services" including via the Nintendo Wii ("the Nintendo device") and Nintendo Wii Shop ("the Nintendo service"), both available through www.Nintendo.com. Upon information and belief, Nintendo has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Nintendo service and Nintendo device. Upon information and belief, Nintendo has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Nintendo service and Nintendo device. More particularly, Plaintiff is informed and believes that Nintendo has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Nintendo Wii Shop Channel via a Wii remote receiver device in a manner claimed in the patents-in-suit. Upon information and belief, Nintendo has also contributed to the infringement of one or more claims of the patents-in-

suit by providing to users, in this district and elsewhere in the United States via the Nintendo service and the Nintendo device, software only useful for permitting users to purchase products and services from a plurality of available products and service and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

15. Plaintiff is informed and believes that SCEA owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "online game and video services" including via the Sony Playstation 3 ("the SCEA device") and Sony Playstation Store ("the SCEA service"), both available through www.playstation.com. Upon information and belief, SCEA has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the SCEA service and SCEA device. Upon information and belief, SCEA has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the SCEA service and SCEA device. More particularly, Plaintiff is informed and believes that SCEA has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Playstation Store via a Playstation 3 remote receiver device in a manner claimed in the patents-in-suit. Upon information and belief, SCEA has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users, in this district and elsewhere in the United States via the SCEA service and the SCEA device, software only useful for permitting users to purchase products and services from a plurality of available products and service and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

16. Plaintiff is informed and believes that Valve owns, operates, advertises, controls, sells, and otherwise provides software and websites for "online game services" including via the Valve Steam client ("the Valve software") and Steam Store ("the Valve website"), both available through www.steampowered.com. Upon information and belief, Valve has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Valve website and Valve software. More particularly, Plaintiff is informed and believes that Valve has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Steam Store via a Steam software client in a manner claimed in the '585 patent. Upon information and belief, Valve has also contributed to the infringement of one or more claims of the '585 patent by providing to users, in this district and elsewhere in the United States via the Valve website, software only useful for permitting users to purchase products and services from a plurality of available products and service and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the '585 patent.

17. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Defendants' infringement of Plaintiff's exclusive rights under the '585 patent and the '400 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

20. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '585 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An adjudication that one or more claims of the '400 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '585 patent and the '400 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: November 18, 2010

_____
Steven W. Ritcheson,
Attorney for Plaintiff
Olympic Developments AG, LLC